UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X

NATIONAL INDEMNITY COMPANY,

                            Plaintiff,

                                                    No. 08 Civ. 4067 (RWS)
            -against-                               (ECF Case)

GREENWICH STREET INVESTMENTS II,
L.L.C., GREENWICH STREET CAPITAL              **DECLARATION OF**
PARTNERS II, L.P., DP HOLDINGS L.L.C.,        **JOHN R. VALES, ESQ.**
DUKES PLACE HOLDINGS L.L.C., DUKES
PLACE HOLDINGS LTD., DUKES PLACE
HOLDINGS, L.P., ENSTAR GROUP LTD.,
and ENSTAR (US) INC.,

                            Defendants.

--------------------------------------------------------X

        I, JOHN R. VALES, pursuant to 28 U.S.C. § 1746, state as follows:

        1.      I am a member of the Bar of the United States District Court for the

Southern District of New York and a partner in the firm of Riker Danzig Scherer Hyland Perretti

LLP.  Along with the firm of Hargraves McConnell & Costigan, P.C., we represent defendants

Greenwich Street Investments II, L.L.C., Greenwich Street Capital Partners II, L.P., DP

Holdings L.L.C., Dukes Place Holdings L.L.C., Dukes Place Holdings Ltd., Dukes Place

Holdings, L.P., Enstar Group Ltd., and Enstar (US) Inc. (collectively, "Defendants") in the above

captioned action.  I make this declaration in support of Defendants' motion to dismiss Counts I,

III and V of the Complaint with prejudice pursuant to Rule 12(b)(6) of the Federal Rules of Civil

Procedure.

2.      Annexed hereto as Exhibit 1 is a true and correct copy of Judgment dated December 19, 2007 and issued by the United States District Court for the Southern District of New York, in Civil Action No. 07-CV-10349 (RJS), <u>National Indemnity Company v. Seaton Insurance Company</u>.

3.      Annexed hereto as Exhibit 2 is a true and correct copy of Judgment dated December 19, 2007 and issued by the United States District Court for the Southern District of New York, in Civil Action No. 07-CV-10363 (RJS), <u>National Indemnity Company v. Stonewall Insurance Company</u>.

4.      Annexed hereto as Exhibit 3 is a true and correct copy of the A.M. Best Company, Inc.'s Company Report dated June 13, 2007 for Seaton Insurance Company.

5.      Annexed hereto as Exhibit 4 is a true and correct copy of the A.M. Best Company, Inc.'s Company Report dated June 13, 2007 for Stonewall Insurance Company.

I declare under penalty of perjury of the laws of the United States of America that the foregoing is true and correct to the best of my knowledge.

Dated: July 23, 2008

                                s/ John R. Vales
                          John R. Vales (jvales@riker.com)

RIKER DANZIG SCHERER HYLAND &
   PERRETTI LLP
500 Fifth Avenue, 49th Floor
New York, New York 10110
(212) 302-6574

-- and --

HARGRAVES MCCONNELL & COSTIGAN, P.C.
The Graybar Building
420 Lexington Avenue
New York, New York 10170
(212) 218-8760

Attorneys for Defendants

3873629.1                                    2

# EXHIBIT 1

```
                                          ...S SDNY
                                          ... MENT
                                          ...... NICALLY FILE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK             ...        ...  12|2|07
- - - - - - - - - - - - - - - - - - - -
NATIONAL INDEMNITY COMPANY,               DATE
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - -
NATIONAL INDEMNITY COMPANY,                )
                                           )
              Petitioner,                  )
                                           )          Civil Action No. **07 Cv 10349**
       - against -                         )                              **(LTS)**
                                           )          **JUDGMENT**
SEATON INSURANCE COMPANY,                  )
                                           )
              Respondent.                  )
- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

WHEREAS, Petitioner and Respondent submitted to arbitration certain disputes arising

in relation to an Aggregate Retrocession of Loss Portfolio Agreement ("Reinsurance

Agreement"), including the amount, if anything, that Petitioner owed Respondent; and

WHEREAS, an arbitration hearing was conducted on July 9-20 and August 6-9, 2007;

and

WHEREAS, Respondent sought an order granting Respondent, among other things, the

right to be claims servicer under the Reinsurance Agreement, as well as certain monetary

damages; and

WHEREAS, on September 28, 2007, the arbitration Panel issued a Final Award, as

attached to this Judgment, denying all of Respondent's claims for relief, including monetary

damages, and declared that Petitioner is entitled to be claims servicer under the Reinsurance

Agreement; and

WHEREAS, this petition to confirm the award came on for hearing before the Court,

Honorable Richard J. Sullivan, United States District Judge, and the issues having been duly

heard and a decision granting the petition and confirming the arbitral award having been duly
rendered;

It is ORDERED AND ADJUDGED

That the attached Final Award of the Panel, issued on September 28, 2007, is confirmed
and that Petitioner have judgment in accordance with the rulings and terms stated therein.

Dated: New York, New York

Dec. 19 ____, 2007

United States District Judge

The clerk of
the court shall
close this case.

2

National Indemnity Company

    Vs.


Seaton Insurance Company

## FINAL AWARD

The Panel, having read the several briefs together with exhibits, after a hearing, and deliberations, a majority now rules as follows:

1 .Seaton's demands for rescission of the treaties and return of the premium and investment income less net losses paid, Seaton's demand that NICO reimburse Seaton for ultimate net loss under the treaties without regard to the treaty aggregate limit, Seaton's demand for compensatory damages, Seaton's demand that NICO be compelled to deposit funds into a claims account administered by Seaton, and Seaton's demand that NICO consent to settlements within two days and that the panel remain constituted, are denied.

2. NICO's request that it continue as claims servicer is granted, and NICO is to be paid fees for this service according to the treaties.

3. Seaton's request that it be appointed as claims servicer is denied.

4. NICO's request that it be authorized to collect reinsurance from Seaton's reinsurers is granted.

5. Seaton's and NICO's demands as to legal fees and expenses in this arbitration are denied.

6. All other claims and demands for relief by either party are denied.

Dated: September 28, 2007

                For the majority,

                N. David Thompson, Umpire

Dissenting (except as to item 5),


Caleb Fowler, Arbitrator

# EXHIBIT 2

`UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
NATIONAL INDEMNITY COMPANY,          )
                                     )
                    Petitioner,      )
                                     )       Civil Action No. **07CV 10363**
        - against -                  )
                                     )       **JUDGMENT**                **(RJS)**
STONEWALL INSURANCE COMPANY,         )
                                     )
                    Respondent.      )
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

USDS SDN
DOCUMENT
ELECTRONICALLY FILE
DOC #:
FILED: 12/21/07

        WHEREAS, Petitioner and Respondent submitted to arbitration certain disputes arising

in relation to an Aggregate Reinsurance Agreement ("Reinsurance Agreement"), including the

amount, if anything, that Petitioner owed Respondent; and

        WHEREAS, an arbitration hearing was conducted on July 9-20, 2007; and

        WHEREAS, Respondent sought an order granting Respondent, among other things, the

right to be claims servicer under the Reinsurance Agreement, as well as certain monetary

damages; and

        WHEREAS, on September 28, 2007, the arbitration Panel issued a Final Award, as

attached to this Judgment, denying all of Respondent's claims for relief, but providing that

Petitioner reimburse Respondent in the amount of $500,000 in full satisfaction of Petitioner's

obligations under the Reinsurance Agreement for the TIG claim, and declared that Petitioner is

entitled to be claims servicer under the Reinsurance Agreement; and

        WHEREAS, this petition to confirm the award came on for hearing before the Court,

Honorable Richard J. Sullivan , United States District Judge, and the issues having been duly

heard and a decision granting the petition and confirming the arbitral award having been duly rendered;

It is ORDERED AND ADJUDGED

That the attached Final Award of the Panel, issued on September 28, 2007, is confirmed and that Petitioner have judgment in accordance with the rulings and terms stated therein.

Dated: New York, New York

_Dec. 19_, 2007

United States District Judge

The clerk of
the Court shall
close this case.

2

```
- - - - - - - - - - - - - - - - - - - - - - - - - - - -X
NATIONAL INDEMNITY COMPANY,                  :
                                             :          Robert B. Green
                       Petitioner,           :          Caleb L. Fowler
                                             :          W. Mark Wigmore
                                             :
             vs.                             :
                                             :
STONEWALL INSURANCE COMPANY,                 :
                                             :
                       Respondent.           :
                                             :
- - - - - - - - - - - - - - - - - - - - - - - - - - - -X
```

## FINAL AWARD

The Panel, having considered all of the parties' submissions, evidence, authorities and

arguments, and having duly deliberated thereon, by majority hereby rules as follows for its Final

Award:

1.  Stonewall's demand for rescission of the Aggregate Reinsurance Agreement between
    Stonewall and NICO (the "Reinsurance Agreement") is denied.

2.  Stonewall's demand for compensatory damages is denied.

3.  Stonewall's demand that NICO be compelled to deposit funds into a claims account
    administered by Stonewall is denied.

4.  Stonewall's demand that NICO be ordered to reimburse Stonewall in the amount of $704,500
    for the TIG claim is denied.  NICO will reimburse Stonewall in the amount of $500,000 in
    full satisfaction of NICO's obligations under the Reinsurance Agreement.

5.  Stonewall's demand that it be appointed claims servicer is denied.

6.  Stonewall's demand that NICO pay its legal fees and expenses for this arbitration is denied.

7.  NICO's request that it continue as claims servicer is granted, and, commencing from the date
    hereof, NICO is to be paid fees for this service according to the terms of the Reinsurance
    Agreement.

8.  NICO's request that it be authorized to collect reinsurance from Stonewall's reinsurers is
    granted.

9.  NICO's demand that Stonewall pay its legal fees and expenses for this arbitration is denied.

1

10. All other claims and requests for relief are denied.


Dated:    September 28, 2007

_____
Robert B. Green
Umpire

_____
W. Mark Wigmore
Arbitrator

_____
Caleb L. Fowler - Dissents
Arbitrator

# EXHIBIT 3

Best's Company Reports, 06/13/07, SEATON INSURANCE COMPANY

Copyright  2007 A.M. Best Company, Inc.
Best's Company Reports
June 13, 2007

SEATON INSURANCE COMPANY

Business Address: 200 Metro Center Blvd., Suite 8, Warwick, Rhode Island, United States 02886-1753
Tel: 617-234-3801
Fax: 617-234-3899
Group Affilation: Dukes Place Holdings Group

AMB#: 02369
FEIN#: 91-0341780
NAIC#: 25763

Industry Type:

## BEST'S RATING

The company is assigned the classification of NR-3 (Rating Procedure Inapplicable) as our normal rating procedure does not properly apply to this company's business and/or operations.

## FIVE YEAR RATING HISTORY

| Date | Best's Rating |
|---|---|
| 06/13/07 | NR-3 |
| 06/20/06 | NR-3 |
| 06/29/05 | NR-3 |
| 06/18/04 | NR-3 |
| 04/08/03 | NR-3 |

## KEY FINANCIAL INDICATORS

Statutory Data ($000)

| Period Ending | Direct Premiums Written | Net Premiums Written | Pretax Operating Income |
|---|---|---|---|
| 2002 | ... | 36 | -927 |
| 2003 | ... | 2 | -629 |
| 2004 | ... | 28 | 34 |
| 2005 | ... | 1 | 1,418 |
| 2006 | ... | ... | ... |

Statutory Data ($000)

| Period Ending | Net Income | Total Admitted Assets | Policy-holders' Surplus |
|---|---|---|---|
| 2002 | -414 | 63,535 | 53,030 |
| 2003 | -435 | 79,235 | 53,767 |
| 2004 | -416 | 66,698 | 55,742 |
| 2005 | 2,021 | 65,192 | 40,147 |
| 2006 | ... | ... | ... |

| | Profitability | | Leverage | | Liquidity |
|---|---|---|---|---|---|
| Inv. | Pretax | | | Overall | Oper. |

Best's Company Reports, 06/13/07, SEATON INSURANCE COMPANY

| Period Ending | Comb. Ratio | Yield (%) | ROR (%) | NA Inv Lev | NPW to PHS | Net Lev | Liq (%) | Cash-flow (%) |
|---|---|---|---|---|---|---|---|---|
| 2002 | 999.9 | 4.1 | -99.9 | 2.8 | 0.0 | 0.2 | 604.8 | 99.1 |
| 2003 | 999.9 | 4.0 | -99.9 | 2.6 | 0.0 | 0.5 | 311.1 | 99.1 |
| 2004 | 999.9 | 3.9 | 121.9 | 7.5 | 0.0 | 0.2 | 608.8 | 61.2 |
| 2005 | 999.9 | 4.5 | 999.9 | 10.2 | 0.0 | 0.6 | 260.3 | 6.3 |
| 2006 | ... | ... | ... | ... | ... | ... | ... | ... |
| | | | | | | | | |
| 5-Yr Avg | 999.9 | 4.4 | -99.9 | ... | ... | ... | ... | ... |

(*) Data reflected within all tables of this report has been compiled from the company-filed statutory statement. Within several financial tables of this report, this company is compared against the Commercial Casualty Composite.

**BUSINESS REVIEW**

Seaton Insurance Company, formally Unigard Security Insurance Company (USIC) continues to run-off its discontinued book of reinsurance assumed business and its discontinued book of direct business.

**INVESTMENT INCOME ANALYSIS ($000)**

| Year | Net Inv Income | Company Realized Capital Gains | Unrealized Capital Gains |
|---|---|---|---|
| 2002 | 2,244 | 514 | -68 |
| 2003 | 2,193 | 194 | 76 |
| 2004 | 2,179 | 178 | -19 |
| 2005 | 2,481 | -25 | -121 |
| 2006 | ... | ... | ... |

| | Company | | | Industry Composite | |
|---|---|---|---|---|---|
| Year | Inv Inc Growth (%) | Inv Yield (%) | Total Return (%) | Inv Inc Growth (%) | Inv Yield (%) |
| 2002 | -22.6 | 4.1 | 4.9 | -0.1 | 5.1 |
| 2003 | -2.3 | 4.0 | 4.5 | 6.2 | 4.9 |
| 2004 | -0.7 | 3.9 | 4.2 | 2.0 | 4.4 |
| 2005 | 13.9 | 4.5 | 4.2 | 20.8 | 4.8 |
| 2006 | ... | ... | ... | 6.3 | 4.6 |
| | | | | | |
| 5-Yr Avg | -3.8 | 4.4 | 5.0 | ... | ... |

**CAPITAL GENERATION ANALYSIS ($000)**

| | Source of Surplus Growth | | |
|---|---|---|---|
| Year | Pretax Operating Income | Total Inv. Gains | Net Contrib. Capital |
| 2002 | -927 | 445 | ... |
| 2003 | -629 | 269 | ... |
| 2004 | 34 | 159 | ... |
| 2005 | 1,418 | -145 | ... |
| 2006 | ... | ... | ... |
| | | | |
| 5-Yr Total | -384 | 1,579 | 0 |

Source of Surplus Growth

Best's Company Reports, 06/13/07, SEATON INSURANCE COMPANY

| Year | Other, Net of Tax | Change in PHS | PHS Growth (%) |
|---|---|---|---|
| 2002 | -51 | -533 | -1.0 |
| 2003 | 1,097 | 738 | 1.4 |
| 2004 | 1,781 | 1,974 | 3.7 |
| 2005 | -16,867 | -15,595 | -28.0 |
| 2006 | ... | ... | ... |
| 5-Yr Total | -14,510 | -13,315 | ... |

## PREMIUM COMPOSITION & GROWTH ANALYSIS

| Period Ending | DPW ($000) | (% Chg) | GPW ($000) | (% Chg) |
|---|---|---|---|---|
| 2002 | ... | ... | 37 | 237.3 |
| 2003 | ... | ... | 3 | -92.6 |
| 2004 | ... | ... | 30 | 976.2 |
| 2005 | ... | ... | 2 | -94.8 |
| 2006 | ... | ... | ... | ... |
| 5-Yr CAGR | ... | 0.0 | ... | -11.3 |
| 5-Yr Change | ... | 0.0 | ... | -45.2 |

| Period Ending | NPW ($000) | (% Chg) | NPE ($000) | (% Chg) |
|---|---|---|---|---|
| 2002 | 36 | 277.2 | 36 | 277.2 |
| 2003 | 2 | -94.0 | 2 | -94.0 |
| 2004 | 28 | 999.9 | 28 | 999.9 |
| 2005 | 1 | -97.3 | 1 | -97.3 |
| 2006 | ... | ... | ... | ... |
| 5-Yr CAGR | ... | -29.3 | ... | -29.3 |
| 5-Yr Change | ... | -82.3 | ... | -82.3 |

## LOSS & ALAE RESERVE DEVELOPMENT: CALENDAR YEAR ($000)

| Calendar Year | Original Loss Reserves | Developed Reserves Thru 2006 | Develop. to Orig.(%) | Develop. to PHS (%) | Develop. to NPE (%) | Unpaid Reserv. @ 12/2006 | Unpaid Resrv. to Dev.(%) |
|---|---|---|---|---|---|---|---|
| 2001 | 154,273 | 291,505 | 89.0 | 256.2 | 999.9 | 224,038 | 76.9 |
| 2002 | 174,445 | 278,975 | 59.9 | 197.1 | 999.9 | 224,038 | 80.3 |
| 2003 | 200,070 | 265,039 | 32.5 | 120.8 | 999.9 | 224,038 | 84.5 |
| 2004 | 213,578 | 249,029 | 16.6 | 63.6 | 999.9 | 224,038 | 90.0 |
| 2005 | 224,038 | 224,038 | ... | ... | 999.9 | 224,038 | 100.0 |
| 2006 | ... | ... | ... | ... | ... | ... | ... |

## LOSS & ALAE RESERVE DEVELOPMENT: ACCIDENT YEAR ($000)

| Accident Year | Original Loss Reserves | Developed Reserves Thru 2006 | Develop. to Orig.(%) | Unpaid Reserves @12/2006 | Acc Yr. Loss Ratio | Acc Yr. Comb Ratio |
|---|---|---|---|---|---|---|
| 2001 | ... | ... | ... | ... | ... | ... |
| 2002 | ... | ... | ... | ... | ... | ... |
| 2003 | ... | ... | ... | ... | ... | ... |
| 2004 | ... | ... | ... | ... | ... | ... |
| 2005 | ... | ... | ... | ... | ... | 999.9 |
| 2006 | ... | ... | ... | ... | ... | ... |

Best's Company Reports, 06/13/07, SEATON INSURANCE COMPANY

## LIQUIDITY ANALYSIS

| | | | | Company Gross | | | | Industry Composite Gross |
|---|---|---|---|---|---|---|---|---|
| Year | Quick Liq (%) | Current Liq (%) | Overall Liq (%) | Agents Bal to PHS(%) | Quick Liq (%) | Current Liq (%) | Overall Liq (%) | Agents Bal to PHS(%) |
| 2002 | 131.2 | 530.9 | 604.8 | ... | 23.9 | 98.8 | 133.2 | 18.7 |
| 2003 | 69.7 | 220.9 | 311.1 | ... | 26.0 | 102.1 | 134.5 | 14.9 |
| 2004 | 256.2 | 515.6 | 608.8 | ... | 23.7 | 104.3 | 135.2 | 14.6 |
| 2005 | 114.6 | 228.6 | 260.3 | ... | 21.8 | 106.8 | 136.7 | 13.1 |
| 2006 | ... | ... | ... | ... | 23.4 | 113.5 | 140.9 | 11.9 |

## HISTORY

The company was incorporated in 1901 as Northwestern Mutual Fire Association under the laws of Washington to write fire insurance on the mutual assessment plan. The name was changed to Northwestern Mutual Insurance Company on January 1, 1956; to Unigard Mutual Insurance Company on May 3, 1971; and to Unigard Security Insurance Company on September 30, 1984. Effective July 9, 1999, the current title was adopted. As of December 31, 2003 the company was still domiciled in Washington but received approval to redomicile to Rhode Island effective January 1, 2004.

## MANAGEMENT

Currently, management is under the direction of Robert L. Barclay, president.

Paid in capital of $55,000,000 consists of 200,000 shares of common stock at a par value of $13 per share and $52,400,000 of contributed surplus. There are 1,000,000 authorized common shares. The company has been authorized to issue 550,000 shares of $10.00 par value preferred stock, of which none are outstanding.

Prior to September 30, 1984 the company operated as a mutual insurance carrier. Subsequent to completing a plan of demutualization and conversion to a stock company, all outstanding shares were acquired by Hanseco Insurance Company. On December 31, 1984, Hanseco Insurance Company transferred its ownership of the company to the parent company, John Hancock Property and Casualty Holding Company, Wilmington, Delaware, which is ultimately owned by John Hancock Life Insurance Company, Boston, Massachusetts.

On March 31, 1999, the Company was sold to Duke's Place Holdings, L.P. In conjunction with the sale, Unigard Security entered into a retroactive reinsurance agreement with National Indemnity Company, an unaffiliated party, to provide significant reinsurance coverage on the discontinued reinsurance assumed business and the discontinued facultative and special risks of business. Duke's Place Holdings, L.P. is a limited partnership organized under the laws of Bermuda on December 1996. The limited partnership invests in insurance and reinsurance companies in run-off, particularly in circumstances in which the parent organizations have made a strategic decision to withdraw from insurance or reinsurance as a whole or from the classes of business underwritten by the company in run-off.

Officers: Chairman of the Board, Matthew C. Kaufman; President, Robert L. Barclay; Vice President, David I. Wallis; Secretary, Robert A. Whitney; Treasurer, Pamela S. Sellers-Hoelsken.

Directors: Robert L. Barclay, Robert A. Hamwee, Matthew C. Kaufman, Neil C. Krauter, Mayur P. Patel, Kenneth E. Randall.

## REGULATORY

An examination of the financial condition was made as of December 31, 1995 by the Insurance Department of Washington. The 2005 annual independent audit of the company was conducted by Ernst & Young, LLP. The annual statement of actuarial opinion is provided by Robert Wainscott, Ernst & Young, LLP.

## TERRITORY

Best's Company Reports, 06/13/07, SEATON INSURANCE COMPANY

The company is licensed in the District of Columbia, AZ, AR, CA, CO, CT, DE, ID, IL, IN, KS, ME, MD, MA, MI, MN, MO, MT, NH, NY, NC, OH, OK, OR, PA, RI, TN, TX, UT, VA, WA and WI. It is also licensed in Canada in the province of Ontario.

It is also restricted to run-off only in Canada.

02369

**LOAD-DATE:** August 9, 2007

# EXHIBIT 4

Best's Company Reports, 06/13/07, STONEWALL INSURANCE COMPANY

1 of 1 DOCUMENT

Copyright  2007 A.M. Best Company, Inc.
Best's Company Reports
June 13, 2007

## STONEWALL INSURANCE COMPANY

Business Address: Warwick, Rhode Island, United States
Business Address: 2 Central Square, 2nd Floor, Cambridge, Massachusetts, United States 02139-3311
Tel: 617-234-3801
Fax: 617-234-3899
Group Affilation: Dukes Place Holdings Group

AMB#: 00864
FEIN#: 63-0202590
NAIC#: 22276

Industry Type:

### BEST'S RATING

The company is assigned the classification of NR-3 (Rating Procedure Inapplicable) as our normal rating procedure does not properly apply to this company's business and/or operations.

### FIVE YEAR RATING HISTORY

| Date | Best's Rating |
|---|---|
| 06/13/07 | NR-3 |
| 06/20/06 | NR-3 |
| 06/29/05 | NR-3 |
| 06/18/04 | NR-3 |
| 04/08/03 | NR-3 |

### KEY FINANCIAL INDICATORS

Statutory Data ($000)

| Period Ending | Direct Premiums Written | Net Premiums Written | Pretax Operating Income |
|---|---|---|---|
| 2002 | ... | ... | 10,208 |
| 2003 | ... | ... | 1,865 |
| 2004 | ... | ... | -52 |
| 2005 | ... | ... | 2,067 |
| 2006 | ... | ... | ... |

Statutory Data ($000)

| Period Ending | Net Income | Total Admitted Assets | Policy-holders' Surplus |
|---|---|---|---|
| 2002 | 300 | 83,010 | 64,193 |
| 2003 | 1,038 | 88,947 | 67,419 |
| 2004 | -1,780 | 96,540 | 61,654 |
| 2005 | -1,940 | 107,796 | 55,973 |
| 2006 | ... | ... | ... |

Best's Company Reports, 06/13/07, STONEWALL INSURANCE COMPANY

| Period Ending | Comb. Ratio | Profitability Inv. Yield (%) | Profitability Pretax ROR (%) | NA Inv Lev | Leverage NPW to PHS | Leverage Net Lev | Overall Liq (%) | Liquidity Oper. Cash-flow (%) |
|---|---|---|---|---|---|---|---|---|
| 2002 | ... | 5.6 | ... | 12.0 | ... | 0.2 | 544.2 | -99.9 |
| 2003 | ... | 5.0 | ... | 9.2 | ... | 0.3 | 492.9 | 223.8 |
| 2004 | ... | 4.7 | ... | 7.6 | ... | 0.5 | 303.2 | 6.3 |
| 2005 | ... | 4.7 | ... | 7.7 | ... | 0.9 | 219.7 | 7.7 |
| 2006 | ... | ... | ... | ... | ... | ... | ... | ... |
| 5-Yr Avg | ... | 5.4 | 0.0 | ... | ... | ... | ... | ... |

(*) Data reflected within all tables of this report has been compiled from the company-filed statutory statement. Within several financial tables of this report, this company is compared against the Commercial Casualty Composite.

**BUSINESS REVIEW**

Stonewall Insurance Company continues to run-off its discontinued book of assumed reinsurance business and its discontinued book of direct business.

**INVESTMENT INCOME ANALYSIS ($000)**

| Year | Net Inv Income | Company Realized Capital Gains | Unrealized Capital Gains |
|---|---|---|---|
| 2002 | 3,670 | -9,908 | 8,705 |
| 2003 | 3,424 | -826 | 2,123 |
| 2004 | 3,411 | 122 | 853 |
| 2005 | 3,465 | 184 | -211 |
| 2006 | ... | ... | ... |

| Year | Company Inv Inc Growth (%) | Company Inv Yield (%) | Company Total Return (%) | Industry Composite Inv Inc Growth (%) | Industry Composite Inv Yield (%) |
|---|---|---|---|---|---|
| 2002 | -20.7 | 5.6 | 3.8 | -0.1 | 5.1 |
| 2003 | -6.7 | 5.0 | 7.0 | 6.2 | 4.9 |
| 2004 | -0.4 | 4.7 | 6.1 | 2.0 | 4.4 |
| 2005 | 1.6 | 4.7 | 4.7 | 20.8 | 4.8 |
| 2006 | ... | ... | ... | 6.3 | 4.6 |
| 5-Yr Avg | -28.3 | 5.4 | 4.0 | ... | ... |

**CAPITAL GENERATION ANALYSIS ($000)**

| Year | Source of Surplus Growth Pretax Operating Income | Total Inv. Gains | Net Contrib. Capital |
|---|---|---|---|
| 2002 | 10,208 | -1,203 | ... |
| 2003 | 1,865 | 1,297 | ... |
| 2004 | -52 | 975 | ... |
| 2005 | 2,067 | -27 | ... |
| 2006 | ... | ... | ... |

Best's Company Reports, 06/13/07, STONEWALL INSURANCE COMPANY

| | | | |
|---|---|---|---|
| 5-Yr Total | 21,647 | -4,695 | 0 |

Source of Surplus Growth

| Year | Other, Net of Tax | Change in PHS | PHS Growth (%) |
|---|---|---|---|
| 2002 | -7,506 | 1,499 | 2.4 |
| 2003 | 65 | 3,227 | 5.0 |
| 2004 | -6,688 | -5,765 | -8.6 |
| 2005 | -7,720 | -5,680 | -9.2 |
| 2006 | ... | ... | ... |
| | | | |
| 5-Yr Total | -22,172 | -5,221 | ... |

### LOSS & ALAE RESERVE DEVELOPMENT: CALENDAR YEAR ($000)

| Calendar Year | Original Loss Reserves | Developed Reserves Thru 2006 | Develop. to Orig.(%) | Develop. to PHS (%) | Develop. to NPE (%) | Unpaid Reserves @ 12/2006 | Unpaid Resrv. to Dev.(%) |
|---|---|---|---|---|---|---|---|
| 2001 | 103,484 | 112,363 | 8.6 | 14.2 | ... | 104,123 | 92.7 |
| 2002 | 114,442 | 121,642 | 6.3 | 11.2 | ... | 104,123 | 85.6 |
| 2003 | 121,788 | 122,376 | 0.5 | 0.9 | ... | 104,123 | 85.1 |
| 2004 | 123,220 | 117,279 | -4.8 | -9.6 | ... | 104,123 | 88.8 |
| 2005 | 104,123 | 104,123 | ... | ... | ... | 104,123 | 100.0 |
| 2006 | ... | ... | ... | ... | ... | ... | ... |

### LIQUIDITY ANALYSIS

| Year | Quick Liq (%) | Current Liq (%) | Overall Liq (%) | Company Gross Agents Bal to PHS(%) | Quick Liq (%) | Current Liq (%) | Overall Liq (%) | Industry Composite Gross Agents Bal to PHS(%) |
|---|---|---|---|---|---|---|---|---|
| 2002 | 103.8 | 445.6 | 544.2 | ... | 23.9 | 98.8 | 133.2 | 18.7 |
| 2003 | 133.0 | 398.0 | 492.9 | ... | 26.0 | 102.1 | 134.5 | 14.9 |
| 2004 | 91.9 | 237.2 | 303.2 | ... | 23.7 | 104.3 | 135.2 | 14.6 |
| 2005 | 75.5 | 151.2 | 219.7 | ... | 21.8 | 106.8 | 136.7 | 13.1 |
| 2006 | ... | ... | ... | | 23.4 | 113.5 | 140.9 | 11.9 |

### HISTORY

The company was the oldest Alabama insurance carrier, incorporated on February 10, 1866 under the laws of Alabama. It began conducting business on that same day. The company's former subsidiaries included Stonewall Life Insurance, Atlanta Casualty Company, Dixie Insurance Company, Stonewall Underwriters and Stonewall Surplus Lines. These companies were either sold to outside interests or transferred to the company's parent over the period of 1981 to 1991. In 1999 the company re-domesticated to Ohio and continues to be domiciled through December 31, 2003. Effective January 1, 2004 the company is domiciled in Rhode Island.

### MANAGEMENT

Paid in capital of $75,966,820 consists of 100,000 authorized and outstanding common shares of common stock at $20 par value each and $73,966,820 of contributed surplus.

Current management is under the direction of Robert L. Barclay, president. Effective with the sale of the company in 2000, Stonewall entered into a management agreement with Ken Randall America, Inc. to provide run-off services.

On September 30, 2000 the company was sold to Stonewall Acquisition Company which is owned by Dukes Place Holdings, LP. Dukes Place Holdings, L.P. is a limited partnership organized under the laws of Bermuda. It was organized on December 1996 to invest in insurance and reinsurance companies in run-off, particularly in circumstances where

Best's Company Reports, 06/13/07, STONEWALL INSURANCE COMPANY

the parent organization has made a strategic decision to withdraw from insurance operations as a whole or from the classes of business in run-off.

Great American Insurance Company purchased financial control of the company from its parent holding company, American Financial Corporation (Cincinnati, Ohio) on December 31, 1977. American Financial Corporation had acquired the shares of the company on June 1, 1977 from Gulf Life Holding Company. The latter had obtained its interest from the Great America Corporation, which had obtained the shares in mid 1964 from an affiliate, American Life Insurance Company. The Life Insurance Company purchased majority control in 1961 from a group of local stockholders. Operations of the company were separate and independent from the parent organization, Great American Insurance. Independent administrative offices were maintained.

Officers: Chairman of the Board, Matthew C. Kaufman; President, Robert L. Barclay; Vice Presidents, Robert B. Burns, David I. Wallis; Secretary, Robert A. Whitney; Treasurer, Pamela S. Sellers-Hoelsken.

Directors: Robert L. Barclay, Robert A. Hamwee, Matthew C. Kaufman, Neil C. Krauter, Mayur P. Patel, Kenneth E. Randall.

**REGULATORY**

An examination of the financial condition was made as of December 31, 1998 by the Insurance Department of Alabama. The 2005 annual independent audit of the company was conducted by Ernst & Young, LLP. The annual statement of actuarial opinion is provided by John Dawson, Ernst & Young LLP.

**TERRITORY**

The company is licensed in AL, AK, AZ, AR, CA, CO, DE, FL, GA, ID, IL, IN, IA, KS, KY, LA, MD, MA, MI, MN, MS, MO, MT, NE, NV, NM, NC, ND, OH, OK, OR, RI, SC, SD, TN, TX, UT, VA, WA, WI and WY. Credit is allowed for reinsurance as a licensed reinsurer in New York. It also operates on a surplus lines or non-admitted basis in Pennsylvania.

00864

**LOAD-DATE:** August 9, 2007